■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE DUKE MCGANN, Also Known as JOHN FRENCH, Appellant, v WALTER R. KELLY, as Superintendent, of Attica Correctional Facility, et al., Respondents.—Judgment unanimously affirmed for reasons stated in decision at Supreme Court, Dadd, J. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Habeas Corpus.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH E. HOBBS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is required by the court's admission of photographs that were demanded but not disclosed before trial. At trial, defendant moved to strike Deputy Revere's testimony concerning the photographs on the ground that his demand for the results of scientific tests had not been met. Defendant also objected to the admission of the photographs, depicting a footprint in the snow and defendant's sneaker, on the ground of lack of reliability and, with respect to the photograph of defendant's sneaker, on the additional ground that the chain of custody had not been established. The argument urged on appeal, that defendant was surprised by the photographs at trial and lacked a meaningful opportunity to prepare cross-examination of Deputy Revere, was not preserved by either objection and we decline to reach the issue in the interest of justice. Further, defense counsel was provided with the police officer's report referring to the photographs, and they were not "the results of scientific tests." Defendant also contends that the admission of his parole officer's rebuttal testimony requires reversal because the voluntariness of defendant's statements to his parole officer had not been established. That issue also is unpreserved because, at trial, defendant objected to the parole officer's testimony on a different ground, and we decline to reach it in the interest of justice. We have examined defendant's remaining arguments on appeal and find them to be lacking in merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 1st Degree.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.